**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| JUAN ANTONIO CANNON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM DANFORTH, and PAUL JOHNSON,<br><br>Defendants. | CIVIL ACTION NO.: 5:24-cv-25 |

**REPORT AND RECOMMENDATION**

Defendants filed a Motion for Summary Judgment. Doc. 39. Plaintiff filed a Response in opposition. Doc. 41. Defendants filed a Reply. Doc. 45. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment. I also **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENY** Plaintiff *in forma pauperis* status on appeal.

**BACKGROUND**

**I. Plaintiff's Allegations and Procedural History**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. Plaintiff alleges that Defendants withheld personal hygiene items from him, including shower shoes and toilet paper. Id. at 5. He alleges that he "held [a] bowel movement for 4 days[]" and only showered once. Id. Plaintiff also alleges that the air temperature was overly cold, causing him to shake. Id. Finally, he alleges that Defendants were aware of the issue. Id. at 6.

After frivolity review, the Court ordered service of the Complaint, construing Plaintiff's allegations as an Eighth Amendment conditions-of-confinement claim. Doc. 14. Defendants filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 19. The Court denied the motion. Docs. 35, 38. Defendants then filed this Motion for Summary Judgment. Doc. 39. Defendants argue that there is no genuine issue of material fact to support the claim that: conditions were "extreme" or "posed an unreasonable risk of serious damage to his future health or safety"; Defendants "knew of and deliberately disregarded an excessive risk to his health or safety; or a causal connection exists between the alleged acts of Defendants and the injury. Id. at 1–2.

Plaintiff argues in response that he "was notified Defendants filed a motion for summary judgment" but did not receive a copy of the Motion.[1] Doc. 41 at 1. Nonetheless, he argues that Defendants "acted with deliberate indifference." Id. at 2. He argues that he "was deprived of a basic need" in the form of toilet paper and also argues that he was subjected to "extreme cold air." Id.

## II. Undisputed Material Facts

It is important to note at the outset that the allegations in Plaintiff's unsworn Complaint are not to be considered in resolving Defendants' Motion for Summary Judgment. See Chambliss v. Buckner, 804 F. Supp. 2d 1240, 1248 (M.D. Ala. 2011) ("Allegations in an unsworn complaint are not evidence for purposes of summary judgment and, thus, cannot be considered." (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986))).

Defendants submitted a Statement of Material Facts ("Defendants' SMF") in support of their Motion for Summary Judgment, in accordance with the Federal Rule of Civil Procedure 56

[1] On May 28, 2026, the Clerk of Court mailed Plaintiff a courtesy copy of Defendants' Motion. Plaintiff did not file any additional briefing.

and Local Rule 56.1. Doc. 39-1. Defendants' SMF is supported by: the declaration of Anna Claxton; CoreCivic inmate property policies; Plaintiff's movement history; Plaintiff's grievance history; and Plaintiff's medical history. Id. at 6–160.

Plaintiff did not file a statement of material facts. However, when considering the record at summary judgment, "all justifiable inferences are to be drawn" in favor of the non-movant. Shaw v. City of Selma, 884 F.3d 1093, 1098 (11th Cir. 2018) (internal quotations omitted) (quoting Tolan v. Cotton, 572 U.S. 651 (2014)). Thus, the Court identifies the following undisputed, material facts for the purposes of evaluating Defendants' Motion for Summary Judgment.

Plaintiff was an inmate at Coffee Correctional Facility ("CCF") from September 27, 2023 to October 10, 2024. Doc. 39-1 at 10. On December 3, 2023, prison administrators transferred Plaintiff to CCF's Restricted Housing Unit ("RHU") because he was involved in a fight.

All inmates at CCF receive "standard prison issue items" such as bedding, a mattress, a pillow, and personal hygiene items. Id. at 8. When an inmate transfers to the RHU, their property is inventoried and the inmate is allowed "authorized items," with the rest going into storage. Any unauthorized items are returned to the inmate on release from the RHU. Id. When inmates transfer to RHU, they receive a mattress, blanket, and jumpsuit and are given toilet paper on request to "any officer." Id. at 9. Inmates in the RHU receive toilet tissue and soap weekly on Thursday and Friday and may ask an officer for a toothbrush, toothpaste, or other personal hygiene items. Id. Inmates may choose to shower on Mondays, Wednesdays, and Fridays. If they do, they receive soap and a fresh jumpsuit, as well as shower shoes on request. Id. Officers assigned to the RHU conduct rounds roughly every 20 minutes and during those rounds, inmates may request supplies from them. Id.

Plaintiff filed a grievance on December 8, 2023 (five days after he transferred to the RHU), alleging that he did not receive personal property, bedding, toilet paper, shower shoes, soap, or a towel. He also alleged that "cold air was blasting in through the vent" and that he told Defendants about this problem. Id. at 63. He stated he "only showered once." Id. at 65.

Administrators transferred Plaintiff back into the general population on December 18, 2023. Doc. 39-1 at 9.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). "If the evidence [produced by the non-moving party] is merely colorable or is not significantly probative summary judgment must be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the non-moving party would have the burden of proof at trial, the

moving party may discharge his burden by showing the record lacks evidence to support the non-moving party's case or the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences which can be drawn from the record in a light most favorable to the non-moving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION

Defendants argue they are entitled to summary judgment because Plaintiff cannot establish a genuine issue of material fact as to any element of his claim. Defendants argue specifically that the undisputed facts show that Plaintiff was not subjected to an objectively serious risk of harm, no Defendant was deliberately indifferent to any purported harm, and Plaintiff failed to provide evidence of causation. Doc. 39.

### I. Legal Standard for a Conditions-of-Confinement Claim

To establish that the conditions of an inmate's confinement violate the Eighth Amendment, the inmate "must satisfy each element of a multi-tiered inquiry." Saunders v. Sheriff of Brevard Cnty., 735 F. App'x 559, 564 (11th Cir. 2018). First, the "prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). The condition must be "extreme." Id. And while that does not mean the inmate need "await a tragic event" before filing suit, the challenged condition must at least pose "an unreasonable risk of serious damage to his future health or safety." Id. (quoting Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, the plaintiff must show that prison officials acted with deliberate indifference. Id. (citing Wilson v. Seiter, 501 U.S. 294, 303 (1991)). To demonstrate deliberate indifference, the Eleventh Circuit Court of Appeals has stated:

> the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk."

Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (internal citations omitted) (quoting Farmer v. Brennan, 511 U.S. 825, 839, 844–45).

Finally, "[a]s with any other claim brought under § 1983, to succeed, the inmate must demonstrate a causal connection between the prison official's conduct and the Eighth Amendment violation." Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007).

## II. Plaintiff Fails to Show an Objectively Serious Condition

Defendants argue that Plaintiff fails to demonstrate an objectively serious condition, concluding that "[a] temporary denial of toiletries does not rise to a constitutional violation." Doc. 39 at 6. Defendants argue that "there is no evidence that Plaintiff suffered from an extended deprivation" or that he was denied basic necessities. Id. Defendants also argue that Plaintiff does not explain what property Defendants withheld from him. Id. at 7. Plaintiff argues in response that he was deprived of toilet paper and subjected to "extreme cold air." Doc. 41 at 3.

"The Constitution does not mandate comfortable prisons" and conditions generally only rise to the level of an Eighth Amendment violation when they "involve the wanton and unnecessary infliction of pain." Chandler, 379 F.3d at 1289 (quoting Rhodes v. Chapman, 452

U.S. 337, 347–49 (1981)). To satisfy the objective element of a conditions-of-confinement claim, the deprivation must be "sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities." Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting Farmer, 511 U.S. at 834) (marks omitted). This requires "more than a scientific and statistical inquiry into the seriousness of the potential harm" but "also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Helling v. McKinney, 509 U.S. 25, 36 (1993).

Even making all inferences in Plaintiff's favor, he has not shown an objectively serious condition. It is undisputed that Plaintiff entered the RHU on December 3, 2023. Doc. 39-1 at 9. He filed his grievance that led to the Complaint on December 8, 2023. Id. at 65. The allegations in the Complaint are identical to those in the grievance, so the period of the alleged deprivation appears to be roughly five days, and Plaintiff makes no allegation that it extended any longer. Plaintiff alleges five discrete deprivations occurred in that time frame: he "was denied being given [his] property"; he "only showered once"; he was not given shower shoes; he did not receive toilet paper even after requesting it, causing him to hold a bowel movement for four days; and he was subjected to cold air. Doc. 1 at 5. None of these deprivations are objectively serious enough to merit constitutional liability when considering the undisputed material facts.

Plaintiff never specifies in the Complaint what property Defendants withheld from him and has therefore failed to show that any such withholding was unconstitutional. Plaintiff's allegation that he showered once in five days is not objectively serious enough to constitute an Eighth Amendment violation. While "[d]enial of adequate hygiene for an extended period of

time can violate the Eighth Amendment," a brief denial of shower access does not violate the constitution. Bingham v. Taylor, No. 5:15-cv-19, 2015 WL 3465984, at *8 (M.D. Ga. June 1, 2015). Here, Plaintiff alleges that he showered once in five days. Doc. 1. Further, the undisputed facts show that inmates in the RHU are provided with shower access three days a week. Doc. 39-1 at 9. These facts do not rise to the level of a constitutional tort. See Ellis v. Pierce County, 415 F. App'x 215 (11th Cir. 2011) (concluding several two-week delays of shower access for a pretrial detainee over the course of a 15-month confinement were not constitutional violations). Plaintiff's allegation that he was deprived of shower shoes similarly does not raise any constitutional concern, and the undisputed facts show that inmates who choose to shower are given shower shoes. Doc. 39-1 at 9.

Denial of basic hygiene items can create constitutional liability for the same reasons that lack of shower access can, but a lack of toilet paper for four to five days is insufficient to demonstrate a constitutional violation. See Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) ("[H]aving to use a toilet which lacks proper water pressure and occasionally overflows is unpleasant but not necessarily unconstitutional."); Harris v. Fleming, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (failure to provide toilet paper for five days did not "reach unconstitutional proportions" because the conditions were sufficiently temporary); Sanders v. Hughes, Civil Action No. 1:12-CV-780, 2012 WL 6963333, at *2 (M.D. Ala. Oct. 1, 2012) (finding that a defendant's denial of an inmate's request for toilet paper on two occasions "while unprofessional of her and unpleasant for him" did not allege a condition "so extreme as to violate contemporary standards of decency.").

Finally, Plaintiff alleges that he was subjected to cold air, but the evidence in the record does not support a resulting objectively serious condition. The extent of Plaintiff's allegation is

that he "sat on the bed, shaking from the cold air coming out of the vent in December." Doc. 1 at 5. He does not provide any detail about how cold the air was, how long he was subjected to cold air, or if he suffered an injury related to the cold air. Because Plaintiff provides insufficient detail and no evidence beyond unsupported allegations in his pleading, he has failed to demonstrate an objectively serious deprivation concerning the cold in his cell. See O'Connor v. Kelley, 644 F. App'x 928, 932 (11th Cir. 2016) (finding no extreme condition when the inmate alleged "no details about the actual temperature of his cell or about the degree of cold he experienced").

The undisputed facts show Plaintiff did not experience an objectively serious deprivation while housed in the RHU. Without such a showing, there is nothing to which Defendants could be deliberately indifferent and so I decline to address the other elements of a conditions-of-confinement claim. Defendants are entitled to summary judgment. Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment related to all of Plaintiff's claims. Doc. 39.

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify an appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 4:07-cv-085, 40:3-cr-001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendants' Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment, **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment, and **DENY** Plaintiff *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of July, 2026.



BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA